IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,        )
                                 )
        v.                       )        Criminal No.   08-374-13
                                 )
ALONZO LAMAR JOHNSON,            )
                                 )
        Defendant.               )


## <u>MEMORANDUM OPINION</u>

CONTI, District Judge.

Pending before the court is a pro se motion for disclosure of grand jury matters (ECF No. 1153) filed by convicted defendant Alonzo Lamar Johnson ("Johnson"). The government filed a response in opposition to the motion (ECF No. 1155) and it is ripe for decision.

On January 30, 2018, the court denied Johnson's earlier request for grand jury information as moot based on the government's representation that it provided numerous responsive documents to Johnson. Johnson filed a notice of appeal of this order. In the pending motion, Johnson contends that the government did not give him information about the number of grand jurors who returned the superseding indictment. Johnson also seeks information about whether the October 28, 2008 grand jury was the same as the August 21, 2009 grand jury. Johnson explains that his motion should not be construed as a motion pursuant to 28 U.S.C. § 2255.

The government argues that Johnson's motion is legally unsupported, untimely and moot. The government contends that: (1) Johnson has not met his "heavy burden" to overcome the presumption of secrecy of grand jury proceedings; (2) a challenge to an error in the grand jury proceeding must be made in a motion prior to trial; and (3) one of the documents it provided to

Johnson stated that the "same panel" of the grand jury returned the superseding indictment on August 21, 2009, adding Johnson as an additional defendant in Criminal Case No. 08-374. *See* ECF No. 1137 at 4. The government points out that co-defendant Jerome Lamont Kelly ("Kelly") filed a similar request for grand jury information, which the court denied in a written opinion on September 20, 2017. The court also denied Kelly's motion for reconsideration. (*See* ECF Nos. 1141 and 1145, which the government provided to Johnson).

In *United States v. Norian Corp.*, 2017 WL 3971378 (3d Cir. Sept. 8, 2017) (nonprecedential), the Third Circuit Court of Appeals recently reiterated the applicable test for disclosure of grand jury information: "It is long established that, in order to preserve the freedom and integrity of the deliberative process during grand jury proceedings, Rule 6(e) protects from disclosure matters occurring before the grand jury. The policy of secrecy is not absolute, however. Disclosures may be granted preliminary to or in connection with a judicial proceeding, so long as the requesting party can demonstrate a particularized need for that information which outweighs the public interest in secrecy." *Id*. at * 2 (citations and punctuation omitted). To prove a "particularized need," the requesting party must demonstrate that (1) "the material they seek is needed to avoid a possible injustice in another judicial proceeding;" (2) "the need for disclosure is greater than the need for secrecy;" and (3) "their request is structured to cover only the materials so needed." *Id*. at *4. In considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries. *Id*. at *5. Grand jury proceedings are accorded a "strong presumption of regularity." *United States v. Winchester*, 407 F. Supp. 261, 277 (D. Del. 1975). Vague allegations and conjectures about possible misconduct are insufficiently particularized to warrant a speculative inquiry into the genesis of

an indictment which appears regular on its face. *Id*. (citations omitted). Johnson failed to demonstrate a particularized need to overcome the presumption of regularity and secrecy of grand jury proceedings.

Johnson's effort to challenge an alleged error in the grand jury is also untimely. Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(v), a challenge to an error in the grand jury proceeding must generally be made in a motion before trial. Johnson's attempt to challenge the 2009 grand jury some ten years later, after his conviction, is untimely and futile. Johnson's pro se motion for disclosure of grand jury matters (ECF No. 1153) will be DENIED.

An appropriate order follows.


By the Court:

March 21, 2018

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No.   08-374-13 |
| | ) | |
| ALONZO LAMAR JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 21st day of March, 2018, it is HEREBY ORDERED that for the reasons set forth in this memorandum opinion, the pro se motion for disclosure of grand jury matters filed by Alonzo Lamar Johnson (ECF No. 1153) is DENIED.

By the Court:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge