**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA, )
v. ) Criminal No. 08-374
ALONZO LAMAR JOHNSON, )
Defendant. )

**MEMORANDUM OPINION**

Pending before the court are: (1) a pro se letter motion (ECF No. 1285) filed by defendant Alonzo Lamar Johnson ("Johnson"), which the court construes as a motion for reconsideration of its January 29, 2020 opinion and order denying Johnson's motion to reduce sentence under the First Step Act (ECF No. 1267); (2) a pro se motion for compassionate release (ECF No. 1286); (3) a pro se motion to remove attorney Ryan Smith as Johnson's counsel of record, appoint the Federal Public Defender for the Eastern District of Pennsylvania, or extend the time for Johnson to file a pro se brief (ECF No. 1293); and (4) an order of remand from the United States Court of Appeals for the Third Circuit, directing this court to determine "whether excusable neglect or good cause exists to extend the time [for Johnson] to file a notice of appeal" of the court's January 29, 2020 order (ECF No. 1292).

I. Procedural Background

The current procedural status of this case is complicated. The entire procedural history will not be recounted; just the portions needed to provide context for the pending motions and order of remand.

On August 21, 2009, Johnson and numerous codefendants were charged in count 1 of the superseding indictment with conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of crack cocaine. (ECF No. 205). In 2010, the Fair Sentencing Act was enacted, which raised the threshold for increased penalties from 5 grams of crack cocaine to 28 grams. At trial in April 2012, the parties and court crafted the verdict form to reflect the 28-gram statutory threshold. On April 17, 2012, Johnson was convicted by a jury. In the presentence investigation report, the probation office determined that Johnson was responsible for 10.5 kilograms of powder cocaine and 99 grams of crack cocaine. These findings were adopted by the court (ECF No. 977 at 9). On July 30, 2013, Johnson was sentenced to a term of imprisonment of 300 months, which was 60 months below the low end of the guideline range. Johnson filed a direct appeal. The court of appeals affirmed Johnson's conviction and sentence. (ECF Nos. 1103, 1112). On April 17, 2017, the United States Supreme Court denied certiorari. On January 18, 2019, this court denied Johnson's § 2255 motion (ECF No. 1233). On December 9, 2019, the court of appeals summarily affirmed this court's decision (ECF No. 1263).

In April 2019, Johnson filed a pro se motion under the First Step Act (ECF No. 1241), arguing that his crack cocaine conviction was a "covered offense" which entitled him to a sentence reduction. The federal public defender for the Western District of Pennsylvania notified the court that her office was not going to enter an appearance on behalf of Johnson with respect to his First Step Act motion. In an opinion and order, each dated January 29, 2020, the court denied Johnson's motion (ECF No. 1267). The docket reflects that a copy of that opinion and order was sent to Johnson via US Mail that day.

Johnson filed an appeal of the January 29, 2020 order (ECF No. 1269). The appeal was signed by Johnson on February 26, 2020 and was docketed on March 3, 2020. That appeal

remains pending with the United States Court of Appeals for the Third Circuit, which retained jurisdiction (ECF No. 1292). The appeal is being held in abeyance pending a remand to this court for a limited purpose. In the remand order, the court of appeals explained that Johnson's notice of appeal (filed 44 days after the court's order) appears to be untimely filed because the appeal must have been filed within 14 days. *Id.* The government filed a motion with the appellate court seeking to dismiss the appeal for being untimely filed. The court of appeals, however, directed this court to determine whether excusable neglect or good cause exists to extend the time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(b)(4). *Id.*

Approximately five months after Johnson filed his notice of appeal, he filed a pro se motion for this court to reconsider its January 29, 2020 order (ECF No. 1285). The motion was signed on June 22, 2020, but not filed on the docket until July 28, 2020. The government filed a response, arguing that Johnson's motion for reconsideration should be denied on the merits (ECF No. 1287). Neither party addressed this court's jurisdiction to consider the motion in light of the pending appeal.

On July 27, 2020, Johnson filed a pro se motion for compassionate release (ECF No. 1286). Pursuant to the court's Administrative Order 20-mc-629, on August 12, 2020, attorney Ryan Smith ("Smith") was appointed as counsel under the Criminal Justice Act ("CJA") to review the pro se motion and advise the court whether a counseled supplemental filing would be forthcoming. The order appointing Smith does not explicitly state that the appointment is for the limited purpose of Administrative Order 20-mc-629 (ECF No. 1288). Smith conducted a review and notified the court and Johnson that he was not going to file a supplement to the pro se motion (ECF No. 1294).

On August 20, 2020, Johnson filed a motion to remove Smith as his attorney (ECF No. 1293). In the motion, Johnson also requested that the federal public defender for the Eastern District of Pennsylvania be appointed as his attorney or that he be given an extension of time to file a pro se brief.

II. Discussion

The matters before the court are discrete and will be addressed seriatim.

1. Motion for reconsideration of the January 29, 2020 order (ECF No. 1285)

As an initial matter, Johnson's pro se motion for reconsideration of the court's January 29, 2020 order will be denied. The general rule is that an appeal of a decision to the court of appeals (an appeal which remains open) deprives this court of jurisdiction, except in limited circumstances not applicable here. *Venen v. Sweet*, 758 F.2d 117, 120-21 (3d Cir. 1985).

As the court of appeals explained in *Venen*, the filing of a notice of appeal "is an event of jurisdictional significance." *Id*. The appeal immediately confers jurisdiction on the appellate court and divests a district court "of its control over those aspects of the case involved in the appeal." *Id*. (citing *Griggs v. Provident Consumer Discount Co*., 459 U.S. 56, 58 (1982)). The purpose of the rule is to prevent the confusion and inefficiency that would occur if two courts were simultaneously considering the same issue. *Id*. In the context of collateral attacks upon convictions, there is no jurisdictional bar to a district court's adjudication of a § 2255 motion while a direct appeal is pending, but such actions are disfavored as a matter of judicial economy and because the results of the direct appeal may make the district court's efforts a nullity. *United States v. Ford*, 215 F. App'x 167, 168 (3d Cir. 2007).

The pending motion for reconsideration involves the same aspects of the case that are at issue in the appeal. Johnson is asking this court to reconsider the merits of its January 29, 2020 order at the same time his appeal of that order is pending before the Third Circuit Court of Appeals.

The case was remanded to this court, but only for a limited purpose, i.e., to determine if the time to appeal should be extended. The remand order does not authorize or direct this court to reconsider the merits of the January 29, 2020 order. The motion at ECF No. 1285, therefore, will be DENIED.

2. Removal of counsel (ECF No. 1293)

Johnson's request (ECF No. 1293) to remove Smith as Johnson's attorney of record will be granted. Smith was appointed under Administrative Order 20-mc-629 for the limited purpose of reviewing Johnson's pro se compassionate release motion. Smith completed that review and the purposes of his appointment were achieved. The motion at ECF No. 1293 will, therefore, be GRANTED IN PART.

3. Appointment of replacement counsel (ECF No. 1293)

There is no absolute constitutional right to appointed counsel in a federal habeas corpus proceeding. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). District courts, however, may appoint counsel for financially eligible defendants in the interests of justice. 18 U.S.C. § 3006A(a)(2)(B); *see Tabron v. Grace*, 6 F.3d 147, 154-55 (3d Cir. 1993). Before appointing counsel, the court must make a threshold finding that the claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the motion survives this threshold inquiry, the court considers a number of other factors (the "*Tabron* factors"): (1) the merits of the claim; (2) the movant's

ability to present his case considering his education, literacy, experience, and the restraints placed upon him by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and his ability to pursue such investigation; (5) his capacity to retain counsel on his own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *Id*. at 155-56. The list of factors is not exhaustive and no factor is determinative. *Id*. at 157. Under the CJA, a defendant is not entitled to appointment of his choice. *Miller v. Smith*, 115 F.3d 1136, 1143-44 (4th Cir. 1997).

There are now two issues remaining before the court: (1) the remand from the Third Circuit Court of Appeals with respect to the appeal of the January 29, 2020 order; and (2) his compassionate release motion. The compassionate release motion has already been reviewed by attorney Smith, who advised that he would not be filing any supplement thereto. The interests of justice do not require that another attorney be appointed to conduct another review of the same filing. Regarding the limited issues to be addressed by this court on remand from the Third Circuit Court of Appeals, the record is not sufficiently developed for this court to make a threshold determination of arguable merit. The remand involves whether there is discrete factual information that is within Johnson's own knowledge, i.e., whether there is a basis for excusable neglect or good cause why he did not file the appeal sooner. At this time and without a more developed record, the court is not aware of any reason why the assistance of an attorney would be necessary. The motion at ECF No 1293 will, therefore, be DENIED with respect to appointment of new counsel for the compassionate release motion and, to the extent it is seeking counsel for the issues to be considered on remand, will be DENIED without prejudice.

4. Briefing schedule on remaining motions (ECF No. 1293)

Johnson asked for additional time to file a pro se brief. That part of his motion at ECF No. 1293 will be GRANTED. On or before October 5, 2020, Johnson shall submit briefs in support of his positions regarding: (1) whether excusable neglect or good cause exists to extend the time to file a notice of appeal of the court's January 29, 2020 order; and (2) whether he is entitled to compassionate release. The government's response shall be due no later than 21 days after Johnson's response is filed or October 26, 2020, whichever is sooner.

An appropriate order follows.

September 1, 2020

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge