# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No.  08-374 |
| ) | |
| ALONZO LAMAR JOHNSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Pending before the court is an issue that was remanded by the United States Court of Appeals for the Third Circuit, namely, whether excusable neglect or good cause exists to extend the time for defendant Alonzo Johnson ("Johnson") to file a notice of appeal of this court's memorandum opinion and order of January 29, 2020 (ECF No. 1267). The issue has been fully briefed by the parties (ECF Nos. 1301, 1306) and is ripe for decision.

I. Procedural Background

Johnson was convicted of a drug conspiracy and is now serving a sentence at FCI-Fort Dix, New Jersey. There have been numerous post-conviction motions. Relevant to the issue on remand is that on April 23, 2019, Johnson filed a pro se "lettion motion" (ECF No. 1241), which the court interpreted as a motion for discovery. On May 7, 2019, Johnson filed a pro se motion under the First Step Act (ECF No. 1242), arguing that his crack cocaine conviction was a "covered offense" which entitled him to a sentence reduction. Johnson's numerous filings (ECF Nos. 1242, 1249, 1253, 1258 and 1262) all referenced only his criminal case, Criminal No. 08-374. The government's response also was captioned only at the criminal case number.

In a memorandum opinion and order, each dated January 29, 2020, the court denied both motions (ECF No. 1267). In the opinion, the court stated: "An appropriate order follows." *Id.*

at 6.  The order was attached to the opinion, was issued the same date, and was filed in the same docket entry, with a separate caption, "Order."  (ECF No. 1267 at 7).  The docket reflects that a staff note that a copy of the opinion and order were sent to Johnson via US Mail that day.

The captions of the court's opinion and order contained both the criminal case number and the civil case number related to Johnson's § 2255 motion (Civil No. 18-493), which had been denied in January 2019 (ECF No. 1233).  The court added the civil case number to the caption because it was unclear whether Johnson's "lettion motion" was based on civil or criminal law.  In resolving the "lettion motion," the opinion addressed Johnson's right to discovery in his closed criminal case and also his right to pre-complaint discovery in a civil case.  (ECF No. 1267 at 2-3).  The remainder of the opinion dealt with Johnson's First Step Act motion.  The Order provided that both motions were denied for the reasons set forth in the memorandum opinion.  The opinion and order were docketed only at the criminal case.

Johnson filed a notice of appeal of the January 29, 2020 order (ECF No. 1269).  The appeal was signed by Johnson on February 26, 2020.  The date stamp on the envelope from the prison was February 27, 2020 (ECF No. 1269-1).  The notice of appeal was docketed on March 3, 2020.  The notice of appeal contained both the criminal and civil case numbers.  The body of the notice of appeal states:  "The Defendant will be striving to appeal the above Federal District Court's Memorandum Opinion at DOC. 1267 in the listed Civil Case Number."  (ECF No. 1269).  The notice of appeal did not articulate the specific grounds for the appeal.

The substance of Johnson's appeal, as construed by the court of appeals, related only to the denial of Johnson's motion for relief under the First Step Act in his criminal case.  (ECF No. 1292).   This understanding is consistent with Johnson's brief about whether excusable neglect exists, which refers only to the denial of his First Step Act motion (ECF No. 1301).   As the court

z

of appeals explained, a motion for sentence reduction under § 3582(c) is considered part of the criminal proceedings and, therefore, an appeal must be filed within 14 days.  (ECF No. 1292).

The government filed a motion with the appellate court seeking to dismiss the appeal for being untimely filed.  In the remand order, the court of appeals instructed this court to determine "whether excusable neglect or good cause exists to extend the time to file a notice of appeal."  *Id.*  The appeal remains pending with the court of appeals, which retained jurisdiction.  *Id.*

II. Legal Analysis

The court of appeals directed this court to determine whether excusable neglect or good cause exists to extend the time for Johnson to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(b)(4) (ECF No. 1292).  Johnson articulates two reasons to extend the appeal period:  (1) the opinion said "an appropriate order will follow"; and (2) the caption had both the criminal and civil case numbers on it (ECF No. 1301).  Johnson explains that he made numerous attempts to ask the clerk's office when to file his notice of appeal. *Id.*  The government argues that Johnson knew that his appeal fell under the criminal docket and he failed to show excusable neglect (ECF No. 1306).

A. Legal Standard

Federal Rule of Appellate Procedure 4(b)(4) provides:  "Upon a finding of excusable neglect or good cause, the district court may – before or after the time has expired, with or without motion and notice – extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."  "Good cause" and "excusable neglect" are separate bases upon which an extension of time can be granted regardless of when the requesting motion is made.  *Ragguette v. Premier Wines & Spirits*, 691

F.3d 315, 323 n.2 (3d Cir. 2012) (citing Fed. R.App. P. 4 Advisory Committee's Notes on 2002 Amendments)).  The good cause standard "applies in situations in which there is no fault—excusable or otherwise."  *Id. See Price v. Gen. Cable Indus., Inc.*, 466 F. Supp. 2d 610, 613 (W.D. Pa. 2006) (excusable neglect applies when negligence is involved and good cause applies when circumstances beyond the movant's control cause delay). In *Price*, the court explained:  A more structured and exacting analysis is appropriate where a party seeks protection from his own negligence; where a litigant is the victim of unforeseeable circumstances, however, justice permits greater discretion." *Id.* at 613.

In *Ragguette*, the court of appeals explained that the Supreme Court's ruling in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993) (involving a bankruptcy rule), established an equitable approach to the "excusable neglect" determination that also applies to Federal Rule of Appellate Procedure 4.  *Ragguette*, 691 F.3d at 325.  The Supreme Court in *Pioneer* articulated four factors to consider when making this equitable determination: (1) the danger of prejudice to the non-movant; (2) the length of the delay and the impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 319.  Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect.  *Id.*  On the other hand, "excusable neglect" is an elastic concept that is not limited to omissions caused by circumstances beyond the control of the movant.  *Id.*

The factors identified by the court of appeals' earlier decision in *Consolidated Freightways Corp. of Del. v. Larson*, 827 F.2d 916 (1987), "should still be considered in applying the overall approach subsequently set forth by the Supreme Court in *Pioneer*." *Ragguette*, 691 F.3d at 326.  Those factors are: (1) whether the inadvertence reflects professional

4

incompetence such as ignorance of the rules of procedure; (2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court; (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence; (4) whether the inadvertence reflects a complete lack of diligence; and (5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance. *Id.* at 325-26. Courts should also consider a sixth factor: whether the enlargement of time will prejudice the opposing party." *Id.* at 327. The *Consolidated* factors are subsumed in the more general *Pioneer* factor of "reason for the delay." *Id.*

B. Good cause

The "good cause" standard does not apply in this case because there were no unforeseen external circumstances. It appears that Johnson appealed only the First Step Act ruling in his criminal case. Johnson erred by not filing a timely appeal within the 14-day period prescribed for appeals in criminal cases. Johnson did not articulate any reason why he was prevented from doing so. If he was confused about whether the civil or criminal appeal period governed, he should have filed the appeal within the shorter period of time. In addition, instead of calling the clerk's office to seek legal advice on the applicable deadline, he should have filed a motion for clarification with the court. No external circumstance prevented Johnson from filing a timely appeal.

C. Excusable neglect

The court turns now to the evaluation of whether there was excusable neglect. As to the first *Pioneer* factor, the government did not articulate any prejudice, nor can the court perceive prejudice arising from the short delay at issue here. On the second factor, the length of the delay was approximately two weeks and had no discernible impact on judicial proceedings, except for

necessitating this remand to consider whether to extend the appeal period. Johnson's notice of appeal was filed well within the 30-day period for extensions provided in Federal Rule of Appellate Procedure 4(b)(4).

The third *Pioneer* factor, the reason for the delay, requires more extensive discussion. Because Johnson is pro se, the *Consolidated* factor about whether the inadvertence reflects professional incompetence, such as ignorance of the rules of procedure, is difficult to apply. In *Pioneer*, the Supreme Court explained that inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect. 507 U.S. at 395. In the unique circumstances of this case, however, the caption contained both a civil and criminal case number and the opinion addressed the merits of the "lettion motion" under both civil and criminal law. Although the reason for the delay was within Johnson's control, it was understandable for Johnson to be confused about whether the civil or criminal appeal period governed.

The court recognizes that Johnson's purported reliance on the caption could be an "easily manufactured excuse incapable of verification by the court." Johnson's position, however, is supported by the contemporaneous notice of appeal, which states that he is striving to appeal the decision in the "listed Civil Case Number," and by his calls to the clerk's office to ascertain the filing deadline. On the other hand, reliance on the civil appeal period is inconsistent with Johnson's appeal of only the denial of his First Step Act motion in his criminal case.

The factor about whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence is not directly applicable. It was certainly foreseeable that the criminal appeal period was applicable and Johnson did not articulate any reason why he could not have filed his appeal within the 14-day appeal period. Johnson did not display a complete lack of diligence. Although not submitted in a sworn statement, the court accepts Johnson's

6

representation that he contacted the clerk's office to ask about the appeal deadline. The court is satisfied that the inadvertence resulted despite Johnson's substantial good faith efforts toward compliance. Ultimately, the court concludes that the equities surrounding the reason for the delay favor Johnson.

The fourth *Pioneer* factor, whether the movant acted in good faith, is mixed. Johnson has been diligent in timely filing numerous appeals of the court's previous decisions in this case. There is no evidence that he delayed filing a timely appeal of the January 2020 opinion and order for improper purposes. Johnson placed his notice of appeal in the prison mail well within the 60 day civil appeal period, as evidenced by the time stamp on the envelope. Pursuant to Federal Rule of Appellate Procedure 4(c)(1)(A)(ii), Johnson's appeal would have been timely if the civil appeal period applied. The court accepts that Johnson was confused by the presence of both the civil and criminal case numbers in the caption.

The court cannot accept Johnson's contention that he "believed that another order was coming." (ECF No. 1301). As an initial matter, Johnson misquoted the actual text of the opinion. It did not say "an appropriate order will follow" (*see* ECF No. 1301); instead, the opinion stated: "An appropriate order follows." (ECF No. 1267 at 6). The order (referencing the same motions discussed in the opinion) was attached, docketed, and sent to Johnson (ECF No. 1267 at 7). He could not have reasonably believed that another order would be sent later. This argument does not support a good faith basis for Johnson's failure to file a timely appeal.

D. Equitable weighing of the factors

This is a close decision. In *Consolidated*, the court explained that the "standard for determining excusable neglect is a strict one" and permits untimely appeals only in "extraordinary cases where injustice would otherwise result." 827 F.2d at 918 (citing Advisory

7

Committee Notes to 1966 amendment to Federal Rule of Civil Procedure 73, the predecessor of Fed. R. App. Proc. 4(a)).  In *Ragguette*, 691 F.3d at 315, the court of appeals held that the district court abused its discretion by finding excusable neglect where lead counsel failed to ensure that an associate filed the notice of appeal.  In *Bowles v. Russell*, 551 U.S. 205 (2007), the Supreme Court held that a petitioner's notice of appeal (filed two days late) deprived the court of appeals of jurisdiction, even though the notice was filed in reliance on a district court's order.  *Id.* at 207.

Even though the standard is rigorous, courts have found excusable neglect under similar circumstances.  In *Alvarado v. D'Ilio*, No. CV 15-3878(SRC), 2017 WL 3080749 (D.N.J. July 19, 2017) (involving a pro se prisoner), the court granted a motion to extend the appeal period and explained that the petitioner was not completely ignorant of the rules of procedure, his inadvertence did not reflect a complete lack of diligence, and the one–day delay in filing the notice of appeal was unlikely to prejudice the government respondent.  *Id.* at *3.  The court of appeals accepted the district court's grant of the motion to extend the time to appeal and considered the appeal to be timely filed.  *Alvarado v. Adm'r New Jersey State Prison*, No. 16-3798, 2017 WL 4570462, at *1 (3d Cir. Sept. 11, 2017).

The court concludes that the circumstances of this case are similar to those in *Alvarado*.  The court acknowledges that Johnson failed to appeal the decision in his criminal case within the 14-day criminal appeal period and rejects Johnson's excuse that he thought another order would be filed.  On the other hand, the court accepts Johnson's representation that he was confused by the appearance of the civil case number in the caption and recognizes that he took some steps to contact the court to determine the proper appeal period.  The delay was minimal and there was no prejudice to the government.  Accordingly, the court concludes that excusable neglect exists to extend the time to appeal pursuant to Federal Rule of Appellate Procedure 4(b)(4).

III. Conclusion

For the reasons set forth above, the district court concludes that excusable neglect exists to extend the time for Johnson to file a notice of appeal of the court's opinion and order dated January 29, 2020, pursuant to Federal Rule of Appellate Procedure 4(b)(4).

An appropriate order follows.


December 22, 2020 /s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge