IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>v.<br><br>ALONZO LAMAR JOHNSON,<br><br>    *Defendant*. | Criminal No. 2:08-374 |

**OPINION**

### I.     Introduction

Pending before the Court is a document filed by pro se defendant Alonzo Lamar Johnson ("Johnson") entitled "Notice of Appeal Under 18 USC § 3742(a)(4) – Review of a Sentence as Being Plainly Unreasonable Under 18 USC § 3582(c)(1)(A)(i)" (ECF No. 1386).  The document is clearly not a typical appeal – there are no orders of this court on which Johnson has not already taken an appeal to the Third Circuit.   The court, therefore, construed the document as a motion for sentence reduction and ordered the government to file a response.  The government filed its response (ECF No. 1389) and Johnson's motion is ripe for disposition.

### II.     Procedural History

Johnson's case has been the subject of extensive post-conviction proceedings.  On August 21, 2009, Johnson and numerous codefendants were charged in count 1 of the superseding indictment with conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of crack cocaine.  (ECF No. 205).  On April 17, 2012, Johnson was convicted by a jury.  On July 30,

2013, Johnson was sentenced to a term of imprisonment of 300 months, which was 60 months below the low end of the guideline range. Johnson filed a direct appeal. The court of appeals affirmed Johnson's conviction and sentence. (ECF Nos. 1103, 1112). On April 17, 2017, the United States Supreme Court denied certiorari. On December 9, 2019, the court of appeals summarily affirmed this court's decision denying Johnson's § 2255 motion (ECF Nos. 1233, 1263).

In May 2019, Johnson filed a pro se motion for a reduced sentence under § 404 of the First Step Act (ECF No. 1242). On January 29, 2020, the court denied Johnson's motion (ECF No. 1267). On July 27, 2021, the court of appeals affirmed this decision (ECF No. 1385).

In July 2020, Johnson filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and Amendment 782, (ECF No. 1286), arguing that he if he was sentenced today under the First Step Act amendments to 21 U.S.C. § 841(b)(1)(B)(i), his term of imprisonment would be substantially lower. The court rejected this argument and concluded, in addition, that compassionate release was not warranted after considering the § 3553 sentencing factors (ECF No. 1343). On May 19, 2021, the court of appeals summarily affirmed this decision, *United States v. Johnson*, 848 F. App'x 60 (3d Cir. 2021).

The pending document was filed by Johnson shortly after the most recent affirmance by the Third Circuit Court of Appeals. There are no other decisions by the district court on which Johnson did not take an appeal. As recited above, Johnson's appeals to the Third Circuit are now complete and the decisions of this court upholding his sentence have been affirmed.

### III. Discussion

The government suggests that the pending document be construed as a motion for reconsideration and denied. Certainly, to the extent that Johnson is repeating arguments about

compassionate release and the First Step Act that have previously been rejected, reconsideration is not appropriate. The Third Circuit Court of Appeals has affirmed this court's decisions and Johnson has not pointed to an intervening change of law, new evidence or manifest injustice that would justify reconsideration.

The court liberally construes the document as presenting a new theory for Johnson's request for a sentence reduction. Specifically, Johnson seeks relief under 18 U.S.C. § 3742(a)(4). The government responded to this argument and opposes a reduction in sentence.

The statutory provision cited by Johnson provides:

> (a) Appeal by a defendant.--A defendant may file a **notice of appeal in the district court** for review of an otherwise final sentence if the sentence--
> . . .
>   (4) was imposed for an offense for which there is **no sentencing guideline** <u>and</u> is **plainly unreasonable**.

18 U.S.C. § 3742 (a)(4) (emphasis added). The court understands why Johnson captioned his document as a "notice of appeal" -- because that is the language used in the statute. His request is properly considered by the district court. Unfortunately for Johnson, there are two prerequisites for relief under this provision: (1) there must be no applicable sentencing guideline; and (2) the sentence must be plainly unreasonable. Johnson failed to satisfy either prerequisite.

There <u>is</u> an applicable sentencing guideline. Johnson's sentence was imposed after preparation of a presentence investigation report and determination of an advisory guideline range (ECF No. 864). His base offense level was based on the guideline for drug offenses and there was a Chapter Four enhancement based on the guideline for career offenders. The court considered the parties' objections and issued Tentative Findings and Rulings about the applicable guideline range (ECF No. 944), which it adopted at the sentencing hearing.

3

4

In addition, Johnson failed to demonstrate that his sentence is "plainly unreasonable." To the contrary, this court has determined on multiple occasions that his sentence (which was significantly <u>below</u> the applicable guideline range) was not unreasonable after thorough consideration of the § 3553 sentencing factors. The court of appeals has on multiple occasions affirmed the appropriateness of Johnson's sentence.

### IV. Conclusion

In sum, Johnson is not entitled to a sentence reduction under 18 U.S.C. § 3742(a)(4). His motion (ECF No. 1386) will, therefore, be denied. An appropriate order will be entered.

Dated: September 29, 2021          BY THE COURT:

<u>/s/ Joy Flowers Conti</u>
Joy Flowers Conti
Senior United States District Judge