IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   *Plaintiff*,<br><br>v.<br><br>ALONZO LAMAR JOHNSON,<br><br>   *Defendant*. | Criminal No. 2:08-374 |

## OPINION

### I.  Introduction

Pending before the Court are: (1) a motion filed by pro se defendant Alonzo Lamar Johnson ("Johnson") pursuant to Rule 60(d)(3) for "fraud upon the court" (ECF No. 1420); and (2) a motion to supplement (ECF No. 1430).  The government filed a response in opposition (ECF No. 1428) and Johnson's motions are ripe for disposition.

### II.  Procedural History

Johnson's case has been the subject of extensive post-conviction proceedings.  The pending motion represents another effort by Johnson to overturn his conviction and sentence.  The court of appeals has on multiple occasions affirmed the appropriateness of Johnson's sentence.

On August 21, 2009, Johnson and numerous codefendants were charged in count 1 of the superseding indictment with conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of crack cocaine.  (ECF No. 205).  On April 17, 2012, Johnson was convicted by a jury. On July 30, 2013, Johnson was sentenced to a term of imprisonment of 300 months, which was 60

months below the low end of the guideline range.  Johnson filed a direct appeal.  The court of appeals affirmed Johnson's conviction and sentence.  (ECF Nos. 1103, 1112).  On April 17, 2017, the United States Supreme Court denied certiorari.

Johnson filed his first § 2255 motion on April 17, 2018 (ECF No. 1163).  Johnson filed a supplement to his § 2255 motion on July 17, 2018.  (ECF No. 1181).  The court denied Johnson's § 2255 motion in a lengthy opinion and order dated January 19, 2019 (ECF No. 1233).  On December 9, 2019, the court of appeals summarily affirmed this court's decision denying Johnson's § 2255 motion (ECF No. 1263).

In May 2019, Johnson filed a pro se motion for a reduced sentence under § 404 of the First Step Act (ECF No. 1242).  On January 29, 2020, the court denied Johnson's motion (ECF No. 1267).  On July 27, 2021, the court of appeals affirmed this decision (ECF No. 1385).

In July 2020, Johnson filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and Amendment 782, (ECF No. 1286), arguing that he if he was sentenced today under the First Step Act amendments to 21 U.S.C. § 841(b)(1)(B)(i), his term of imprisonment would be substantially lower.  The court denied the motion (ECF No. 1343).  On May 19, 2021, the court of appeals summarily affirmed this decision, *United States v. Johnson*, 848 F. App'x 60 (3d Cir. 2021) (ECF No. 1394).

On September 9, 2021, the court denied Johnson's motion for sentence reduction under 18 U.S.C. § 3742(a)(4) (ECF Nos. 1390, 1391).  On April 10, 2022, the court granted in part Johnson's motion to amend the judgment to correct a clerical error (ECF Nos. 1410, 1411, 1412).  Johnson appealled.  On September 2, 2022, the Third Circuit Court of Appeals summarily affirmed this court's decision (ECF No. 1434).

III.    **Discussion**

    A.  Whether the pending motions are second or successive § 2255 motions

In the pending motion, Johnson cites Federal Rule of Civil Procedure 60(d)(3), which provides in relevant part:  "This rule does not limit a court's power to: . . . (3) set aside a judgment for fraud on the court."  Johnson makes numerous allegations of fraud on the court, although he does not present supporting evidence.  Notably, each of the allegations of fraud predate or involve his original conviction, namely, whether:  (1) the government used an undesignated person to sign the original wiretaps; (2) the government did not employ wiretap techniques to each of the targeted subjects; (3) a court clerk forged the judge's signature on the wiretap orders; (4) the judge did not review each wiretap order; (5) the conspiracy began in 2007; (6) the grand jury expired; (7, 8) the government did not include the amounts that Johnson admittedly purchased so it could convict him of a larger conspiracy; (9) the trial judge did not investigate or call for an evidentiary hearing to cross examine a trial lawyer or government's witness, Anthony Hoots ("Hoots"); (10) Hoots was accountable for a lesser drug amount; and (11) a trial lawyer convinced co-defendant Eri Alford ("Alford") not to testify.  (ECF No. 1420).  Johnson's supplement alleges fraud in using drugs from count 2 (involving attempt by only co-defendants Bynum and Alford) to convict Johnson.  (ECF No. 1430).  Johnson does not allege fraud on the court in relation to the denial of his first § 2255 motion.

The government argues that this court lacks subject-matter jurisdiction, because Johnson's motion is – in actuality – a second or successive § 2255 motion.  The government argues that Johnson cannot evade the statutory limitations on second or successive § 2255 motions simply by using a different label or by invoking the doctrine of "fraud on the court."

In *Ferguson v. United States*, No. 03-72, 2016 WL 1578777 (W.D. Pa. Apr. 20, 2016), the court faced a procedurally similar situation in which a defendant attempted to avoid the

gatekeeping requirements in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. 2255(h), by invoking the "fraud on the court" doctrine in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944) (courts may set aside fraudulently begotten judgments). The court outlined the appropriate analysis in *Ferguson*:

> First, the Court must determine whether the motion attacks the prisoner's underlying judgment of conviction or sentence, or attacks a prior judgment entered in post-conviction relief proceedings. *See Gonzalez v. Crosby*, 545 U.S. 524, 530–36 (2005). If it attacks the former, it is treated as a collateral attack on the conviction, and is subject to the limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Id.* at 531; *see also Nicholas v. Patrick*, Civ. A. 06–1680, 2015 WL 2236674, at *12 (E.D. Pa. May 11, 2015) ("The Court must first determine whether petitioner's *Hazel–Atlas* Motions are in essence second or successive habeas petitions.").

*Ferguson*, 2016 WL 1578777 at *7.

The court must evaluate the substance of Johnson's motions to determine if he attacks the constitutional validity of his underlying criminal judgment on the merits. *Id.* If so, regardless of its caption, the motions must be treated as a second § 2255 motion which requires advance authorization from the court of appeals. *Id.* "**To hold otherwise would be to invite the use of *Hazel–Atlas* as a pleading device to evade the restrictions imposed by Congress on second or successive habeas petitions.**" *Id.* (citation omitted, emphasis in original).

Here, Johnson's allegations about fraud on the court all relate to the original trial and conviction. Johnson does not allege any improprieties with respect to resolution of the first § 2255 motion. The court concludes that the current motions should be treated as a second or successive § 2255 motions.

### B. Whether the motions should be transferred or dismissed

This court lacks jurisdiction to give Johnson permission to file a second or successive § 2255 motion – only the Third Circuit Court of Appeals can do so. This court's options are limited

to dismissal or transfer to the court of appeals.  As this court explained to one of Johnson's co-defendants in this case:

> Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence.  That right is subject to stringent procedural and substantive requirements that an applicant must satisfy in order to file a second or successive § 2255 motion with a district court. *Mendoza v. United States*, No. CR 06-167, 2017 WL 1293575, at *2 (W.D. Pa. Apr. 6, 2017). In particular, as applicable to this case, 28 U.S.C. § 2255(h) requires a petitioner to obtain certification from the appropriate court of appeals *before* filing a second or successive § 2255 motion.  *Id*. (emphasis in original).  The court of appeals, not the district court, must certify that the second § 2255 motion meets the statutory requirements.  The statute provides, in relevant part:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

> District courts lack subject-matter jurisdiction to consider an unauthorized second or successive § 2255 motion. *Mendoza*, 2017 WL 1293575, at *2 (citing *In re Olabode*, 325 F.3d 166, 169 (3d Cir. 2003);  *Lugo v. Zickefoose*, 427 F. App'x 89, 92 (3d Cir. 2011) ("We also agree with the District Court's ultimate conclusion that it lacked subject matter jurisdiction over the petition, treated as a second or successive § 2255 motion.").  In sum, if Alford does not show that he already obtained authorization from the Third Circuit Court of Appeals to file a second or successive § 2255 motion, this court is not empowered to decide the motion.

> In *Mendoza*, the court explained that once the court determines that a petitioner's filing is an unauthorized second or successive § 2255 motion, it may proceed by either (1) dismissing the motion for lack of subject-matter jurisdiction, or (2) transferring the motion to the court of appeals pursuant to 28 U.S.C. § 1631 for consideration as an application to file a second or successive petition. *Id*. (citing *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)).  In deciding which option to implement, the court should evaluate whether the petitioner has alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2255(h) (i.e., newly discovered evidence or a new rule of constitutional law).

*United States v. Alford*, No. 08-374, Opinion dated January 14, 2020 (ECF No. 1265).

Upon evaluation of the gatekeeping requirements, Johnson's motions will be dismissed, rather than transferred.  Johnson did not point to any new evidence (indeed, his motions were phrased in the form of questions and did not attach any supporting evidence) and Johnson did not point to any new, retroactive rule of constitutional law.

**IV.     Conclusion**

In sum, for the reasons set forth above, Johnson's Rule 60 "fraud upon the court" motions (ECF Nos. 1420, 1430) will be treated as second or successive § 2255 motions and will be dismissed for lack of subject-matter jurisdiction.  No certificate of appealability will issue.  Jurists of reason would not find it debatable that Johnson failed to make a substantial showing of the denial of a constitutional right.  An appropriate order will be entered.

Dated: September 8, 2022   BY THE COURT:

          /s/ Joy Flowers Conti
          Joy Flowers Conti
          Senior United States District Judge