IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>v.<br><br>ALONZO LAMAR JOHNSON,<br><br>    *Defendant*. | Criminal No. 2:08-374 |

**OPINION**

### I.    Introduction

Pending before the Court is a motion filed by pro se defendant Alonzo Lamar Johnson ("Johnson") (ECF No. 1432). Johnson represents that he is in the process of preparing a motion for the court and asks the court to provide him with copies of the following documents: (1) prosecutor's statement of probable cause; (2) jury instructions as given to the petit jury; (3) presentence report ("PSR"); and (4) record of jurors concurring on original and superseding indictments. (ECF No. 1432). The government filed a response in opposition (ECF No. 1441) and Johnson's motion is ripe for disposition.

### II.    Procedural History

Johnson's case has been the subject of extensive post-conviction proceedings. The court of appeals has on multiple occasions affirmed the appropriateness of Johnson's sentence.

On August 21, 2009, Johnson and numerous codefendants were charged in count 1 of the superseding indictment with conspiracy to distribute 5 kilograms or more of cocaine and 50 grams

or more of crack cocaine. (ECF No. 205). On April 17, 2012, Johnson was convicted by a jury. On July 30, 2013, Johnson was sentenced to a term of imprisonment of 300 months, which was 60 months below the low end of the guideline range. Johnson filed a direct appeal. The court of appeals affirmed Johnson's conviction and sentence. (ECF Nos. 1103, 1112). On April 17, 2017, the United States Supreme Court denied certiorari.

Johnson filed his first § 2255 motion on April 17, 2018 (ECF No. 1163). Johnson filed a supplement to his § 2255 motion on July 17, 2018. (ECF No. 1181). The court denied Johnson's § 2255 motion in a lengthy opinion and order dated January 19, 2019 (ECF No. 1233). On December 9, 2019, the court of appeals summarily affirmed this court's decision denying Johnson's § 2255 motion (ECF No. 1263).

In May 2019, Johnson filed a pro se motion for a reduced sentence under § 404 of the First Step Act (ECF No. 1242). On January 29, 2020, the court denied Johnson's motion (ECF No. 1267). On July 27, 2021, the court of appeals affirmed this decision (ECF No. 1385).

In July 2020, Johnson filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and Amendment 782, (ECF No. 1286), arguing that he if he was sentenced today under the First Step Act amendments to 21 U.S.C. § 841(b)(1)(B)(i), his term of imprisonment would be substantially lower. The court denied the motion (ECF No. 1343). On May 19, 2021, the court of appeals summarily affirmed this decision, *United States v. Johnson*, 848 F. App'x 60 (3d Cir. 2021) (ECF No. 1394).

On September 9, 2021, the court denied Johnson's motion for sentence reduction under 18 U.S.C. § 3742(a)(4) (ECF Nos. 1390, 1391). On April 10, 2022, the court granted in part Johnson's motion to amend the judgment to correct a clerical error (ECF Nos. 1410, 1411, 1412). Johnson appealed. On September 2, 2022, the Third Circuit Court of Appeals summarily affirmed this

court's decision (ECF No. 1434).  On September 8, 2022, the court denied Johnson's Rule 60 "fraud upon the court" motions (ECF Nos. 1435, 1436).

### III.    Discussion

Johnson did not explain the substance of the motion he is preparing and did not explain why the documents he is requesting are necessary for that motion.  Given Johnson's previous § 2255 motions and the extensive post-conviction proceedings in this case (in which the appellate court has affirmed the validity of Johnson's conviction and sentence on multiple occasions), it is difficult for the court to conceive how documents related to the grand jury proceedings or the original trial would be relevant to any motion over which this court could exercise subject-matter jurisdiction.  *See, e.g.*, Opinion dated September 8, 2022 (ECF No. 1435) (discussing the stringent procedural and substantive requirements that an applicant must satisfy in order to file a second or successive § 2255 motion with a district court).

With respect to Johnson's specific requests, the government objects that: (1) Johnson's request for the prosecutor's statement of probable cause is not clear, as there were three assistant United States attorneys on the case and numerous hearings; (2) Johnson can obtain the jury instructions as given to the petit jury from his appointed counsel; (3) federal inmates are prohibited by BOP Policy Statement 1351.05 from possessing copies of their PSR; and (4) Johnson failed to demonstrate a basis to overcome the general secrecy of grand jury proceedings.

The court agrees with the government's objections.  Johnson must provide a more concrete description of the "statement of probable cause" he seeks and explain why that document is necessary.  Johnson may obtain the jury instructions from his attorneys of record.  The jury instructions are also available on the docket in the official transcript of the jury trial at ECF No. 851.  Johnson is not permitted to possess his PSR.  Johnson is, however, entitled under BOP Policy

Statement 1351.05 to review his PSR.  *See* ECF No. 1233 at 3-4 (granting in part Johnson's motion to access his PSR).

Federal Rule of Criminal Procedure 6(e) governs disclosure of grand jury proceedings. There is a general rule of secrecy, subject to the exceptions set forth in Rule 6(e)(3).  In *United States v. Davies*, No. 07-436, 2016 WL 2585667, at *12 (W.D. Pa. May 5, 2016), the court explained that it lacked subject-matter jurisdiction to consider a request for grand-jury materials after the petitioner had been convicted and sentenced.  Johnson did not demonstrate how this court has jurisdiction over his request for grand jury proceedings and how he fits one of the exceptions in Rule 6(e)(3).  In addition, Johnson's subsequent conviction by the petit jury renders "any error in the grand jury proceeding connected with the charging decision [ ] harmless beyond a reasonable doubt."  *United States v. Mechanik*, 475 U.S. 66, 70 (1986).

## IV. Conclusion

In sum, for the reasons set forth above, Johnson's request for documents (ECF No. 1432) will be denied without prejudice to his ability to file another motion with appropriate justification for each document he seeks.  An appropriate order will be entered.

Dated: September 28, 2022          BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge