IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>v.<br><br>ALONZO LAMAR JOHNSON,<br><br>    *Defendant*. | Criminal No. 2:08-374 |

**OPINION**

### I.    Introduction

Pending before the Court is a motion for appointment of counsel that has a private investigator ("PI") filed by pro se defendant Alonzo Lamar Johnson ("Johnson") (ECF No. 1466). The government filed a response in opposition (ECF No. 1472) and Johnson filed a reply (ECF No. 1474). The motion is ripe for disposition.

### II.    Procedural History

Johnson's case has been the subject of extensive post-conviction proceedings. The court of appeals has on multiple occasions affirmed the appropriateness of Johnson's conviction and sentence.

On August 21, 2009, Johnson and numerous codefendants were charged in count 1 of the superseding indictment with conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of crack cocaine. (ECF No. 205). On April 17, 2012, Johnson was convicted by a jury. On July 30, 2013, Johnson was sentenced to a term of imprisonment of 300 months, which was 60

months below the low end of the guideline range. Johnson filed a direct appeal. The court of appeals affirmed Johnson's conviction and sentence. (ECF Nos. 1103, 1112). On April 17, 2017, the United States Supreme Court denied certiorari.

Johnson filed his first § 2255 motion on April 17, 2018 (ECF No. 1163). Johnson filed a supplement to his § 2255 motion on July 17, 2018. (ECF No. 1181). The court denied Johnson's § 2255 motion in a lengthy opinion and order dated January 19, 2019 (ECF No. 1233). On December 9, 2019, the court of appeals summarily affirmed this court's decision denying Johnson's § 2255 motion (ECF No. 1263).

In May 2019, Johnson filed a pro se motion for a reduced sentence under § 404 of the First Step Act (ECF No. 1242). On January 29, 2020, the court denied Johnson's motion (ECF No. 1267). On July 27, 2021, the court of appeals affirmed this decision (ECF No. 1385).

In July 2020, Johnson filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and Amendment 782, (ECF No. 1286), arguing that he if he was sentenced today under the First Step Act amendments to 21 U.S.C. § 841(b)(1)(B)(i), his term of imprisonment would be substantially lower. The court denied the motion (ECF No. 1343). On May 19, 2021, the court of appeals summarily affirmed this decision, *United States v. Johnson*, 848 F. App'x 60 (3d Cir. 2021) (ECF No. 1394).

On September 9, 2021, the court denied Johnson's motion for sentence reduction under 18 U.S.C. § 3742(a)(4) (ECF Nos. 1390, 1391). On April 10, 2022, the court granted in part Johnson's motion to amend the judgment to correct a clerical error (ECF Nos. 1410, 1411, 1412). Johnson appealed. On September 2, 2022, the Third Circuit Court of Appeals summarily affirmed this court's decision (ECF No. 1434).

On September 8, 2022, the court denied Johnson's Rule 60(d)(3) "fraud upon the court" motions (ECF Nos. 1435, 1436). The court treated the motions as second or successive § 2255

motions and dismissed the motions for lack of subject-matter jurisdiction. *See, e.g.*, Opinion dated September 8, 2022 (ECF No. 1435) (discussing the stringent procedural and substantive requirements that an applicant must satisfy in order to file a second or successive § 2255 motion with a district court).

### III.     Discussion

Johnson seeks appointment of pro bono counsel (and the assistance of an investigator) to interview Johnson's trial counsel and several witnesses. Johnson seeks to second-guess his trial counsel's conduct in allegedly convincing counsel for co-defendant Jerome Kelly ("Kelly") not to call another co-defendant, Eric Alford ("Alford"), as a witness (ECF No. 1466 at 1). Johnson contends that if Alford had been called as a witness, Alford would have testified that Johnson was not part of the conspiracy with respect to 8 kilos of cocaine. Johnson indicates that he will use the information obtained in the investigation to file another Rule 60(d)(3) motion (ECF No. 1466 at 2). In his reply, Johnson argues that he wants the evidence to "prove his innocence of 8 kilos of powder cocaine" and confirms that he will use the information obtained by counsel and the PI to file another Rule 60(d)(3) motion (ECF No. 1474 at 1).

The government argues that the court lacks authority to appoint counsel for Johnson pursuant to 18 U.S.C. § 3006A or Federal Rule of Criminal Procedure 44. The government also contends that Johnson's asserted reasons do not justify appointment of counsel under 28 U.S.C. § 1915(e)(1) and the "*Tabron* factors." *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993) (observing that "volunteer lawyer time is extremely valuable. Hence, district courts should not request counsel under § 1915(d) indiscriminately.").

Johnson does not have a constitutional right to appointment of counsel based on the procedural status of this case. *See United States v. Mathis*, No. CR 09-339, 2023 WL 4549984, at

3

*2 (W.D. Pa. July 14, 2023) ("defendant's right to appointed counsel '... extends to the first appeal of right, and no further.'") (quoting *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); Fed. R. Crim. P. 44 ("A defendant who is unable to obtain counsel is entitled to have counsel appointed to represent the defendant at every stage of the proceeding from initial appearance through appeal"). The court has discretion to appoint counsel in connection with a § 2255 motion, if the appointment is consistent with the interests of justice. 28 U.S.C. § 2255(g); 18 U.S.C. § 3006A. In exercising its discretion, the court should consider the *Tabron* factors. *Mathis*, 2023 WL 4549984 at *2 (citations omitted).

In applying the *Tabron* factors, the court must make a threshold finding that the claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the motion survives this threshold inquiry, the court considers a number of other factors: (1) the defendant's ability to present his case considering his education, literacy, and prior experience with litigation; (2) the complexity of the legal issues; (3) the degree to which factual investigation is required and his ability to pursue such investigation; (4) the degree to which the case turns on credibility determinations or expert testimony; and (5) the defendant's capacity to retain counsel on his own behalf. *Id.* at 155-56, 157, n.5. The list of factors is not exhaustive and no factor is determinative. *Id.* at 157.

Given Johnson's previous § 2255 motion and the extensive post-conviction proceedings in this case (in which the appellate court has affirmed the validity of Johnson's conviction and sentence on multiple occasions), he did not meet the requisite threshold showing that his claim has arguable merit in fact and law. The appointment of counsel to investigate facts to try to challenge that conviction (again) would be futile. Of particular note, the court rejected Johnson's attempt to end-run the limits on second or successive § 2255 motions by filing a Rule 60(d)(3) motion for "fraud on the court." (ECF No. 1435). Johnson asks for counsel to try to file another Rule 60(d)(3) motion. This court would again lack jurisdiction, unless Johnson obtains authorization from the

4

court of appeals to file a second or successive § 2255 petition. Appointment of counsel is not warranted because Johnson did not demonstrate that his claim has arguable merit in fact or law.

### IV. Conclusion

In sum, for the reasons set forth above, Johnson's motion for appointment of counsel that has a private investigator ("PI") (ECF No. 1466) will be DENIED. An appropriate order will be entered.

Dated: September 26, 2023            BY THE COURT:

                                                           <u>/s/ Joy Flowers Conti</u>
                                                           Joy Flowers Conti
                                                           Senior United States District Judge