IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>v.<br><br>ALONZO LAMAR JOHNSON,<br><br>    *Defendant*. | Criminal No. 2:08-374 |

## **OPINION**

### **I.  Introduction**

Pending before the court is a renewed pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), filed by defendant Alonzo Lamar Johnson ("Johnson") (ECF No. 1487). In the motion, Johnson argues that he is entitled to compassionate release because: (1) if he was sentenced today he would no longer be classified as a career offender under the Guidelines because his prior conviction for attempt would not qualify as a predicate offense; (2) if he is no longer a career offender, he would qualify for a 2-level reduction in his offense level under Amendment 782; (3) there is an unwarranted disparity between his sentence of 300 months in prison and co-defendant Eric Alford's sentence of 240 months in prison; (4) if he was sentenced today his statutory mandatory minimum under § 401 of the First Step Act would be 15 years, rather than 20 years, because he did not serve more than 12 months in prison for his prior offense; (5) if he was sentenced today he would benefit from a 1:1 cocaine/crack ratio under the proposed Equal Act or the current attorney general's policy; and (6) he has rehabilitated himself.

The government filed a response in opposition to the pending motion (ECF No. 1493). The government agrees that Johnson exhausted his administrative remedies, but contends that he did not establish an extraordinary and compelling reason for release; he poses a danger to the community; and release is not warranted after considering the § 3553(a) factors.

II.     **Procedural History**

Johnson's case has been the subject of extensive post-conviction proceedings. On August 21, 2009, Johnson and numerous codefendants were charged in count 1 of the superseding indictment with conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of crack cocaine. (ECF No. 205). In 2010, the Fair Sentencing Act was enacted, which increased the threshold for increased penalties from 5 grams of crack cocaine to 28 grams. At trial in April 2012, the parties and court crafted the verdict form to reflect the 28-gram statutory threshold. On April 17, 2012, Johnson was convicted by a jury. In the presentence investigation report ("PSI"), the probation office determined that Johnson was responsible for 10.5 kilograms of powder cocaine and 99 grams of crack cocaine. These findings were adopted by the court (ECF No. 977 at 9). On July 30, 2013, Johnson was sentenced to a term of imprisonment of 300 months, which was 60 months below the low end of the guideline range. Johnson filed a direct appeal. The court of appeals affirmed Johnson's conviction and sentence. (ECF Nos. 1103, 1112). On April 17, 2017, the United States Supreme Court denied certiorari. On December 9, 2019, the court of appeals summarily affirmed this court's decision denying Johnson's § 2255 motion (ECF Nos. 1233, 1263).

Johnson filed a pro se motion for a reduced sentence under § 404 of the First Step Act (ECF No. 1242), arguing that his crack cocaine conviction was a "covered offense" which entitled him to a sentence reduction. On January 29, 2020, the court denied Johnson's motion (ECF No. 1267).

The court concluded that Johnson did commit a "covered offense," as defined in § 404(a) of the First Step Act because the crack cocaine conspiracy occurred prior to August 3, 2010, but held, pursuant to § 404(c), that it could not entertain Johnson's First Step Act motion because his previously imposed sentence was in accordance with the Fair Sentencing Act.  The court noted that Johnson's crack cocaine conviction did not affect Johnson's sentence, which was driven by his criminal history, career offender status, the § 851 information filed by the government (ECF No. 740), which increased the statutory mandatory minimum penalty to 20 years of imprisonment, and his conviction for the powder cocaine conspiracy.  The court explained that Johnson's statutory penalties and sentencing range would have been identical based solely on his conviction for a conspiracy involving 5 kilograms or more of powder cocaine (ECF No. 1267).  The court also rejected Johnson's challenge to the § 851 Information on the ground that he did not serve twelve months in prison, as required by the First Step Act § 401, and explained that § 401 applies only if a sentence for the offense has not been imposed as of the date of enactment.  (ECF No. 1267 at 6 n.3) (citing Pub. L. No. 115-391 § 401(c) and United States v. Aviles, 938 F.3d 503, 510 (3d Cir. 2019)).

The Third Circuit Court of Appeals affirmed the decision (ECF No. 1392).  Of particular relevance to the pending motion, the Third Circuit Court of Appeals determined: "The District Court correctly concluded that Johnson was not eligible for a sentence reduction as he was sentenced in accordance with the Fair Sentencing Act."  (ECF No. 1392-1 at 3).

Johnson filed a previous motion for compassionate release on July 31, 2020 (ECF No. 1286).  Johnson raised similar arguments based on § 401 of the First Step Act and Amendment 782.  The court rejected those arguments and denied Johnson's motion without prejudice (ECF Nos. 1343, 1345).  The Third Circuit Court of Appeals summarily affirmed and held that this court

3

did not abuse its discretion in denying compassionate release based on its analysis of the § 3553(a) sentencing factors (ECF No. 1394-2 at 4).

Since that time, the court denied Johnson's motion to reduce sentence under § 3582(c)(2) (ECF Nos. 1390, 1391); granted in part and denied in part Johnson's motion to alter the judgment (ECF Nos. 1410-1412); denied Johnson's motion to set aside the judgment and motion to supplement under Rule 60(b)(3) for fraud on the court (ECF Nos. 1435, 1436); denied Johnson's motion for court documents (ECF Nos. 1445, 1446); and denied Johnson's motion to appoint counsel (ECF Nos. 1483, 1484).

Johnson is currently incarcerated at FCI Fort Dix, New Jersey. He is 52 years old. His projected release date is February 7, 2030.

https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results, last visited January 29, 2024.

### III. Discussion

#### A. Applicable Law

Johnson seeks compassionate release from imprisonment. A district court has only limited authority to "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); United States v. Savani, 733 F.3d 56, 60 (3d Cir. 2013). The Third Circuit Court of Appeals has recognized that Congress enacted exceptions to this "general rule of finality" in 18 U.S.C. § 3582(c)(1). United States v. Easter, 975 F.3d 318, 323 (3d Cir. 2020) (explaining that "[s]entence modifications under § 3582(c) constitute 'exception[s] to the general rule of finality' of sentences") (quoting Dillon v. United States, 560 U.S. 817, 824 (2010)).

Section 3582(c)(1)(A) provides:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that—

> (1) in any case--
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission….

18 U.S.C. § 3582(c)(1)(A). The foregoing statutory provision sets forth a three-part analysis for district courts to utilize to resolve a motion for compassionate release. The Third Circuit Court of Appeals has instructed that pursuant to § 3582(c)(1)(A), "a district court 'may reduce [a federal inmate's] term of imprisonment' and 'impose a term of probation or supervised release … if it finds that … extraordinary and compelling reasons warrant such a reduction.'" United States v. Pawlowski, 967 F.3d 327, 329 (3d Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). "[B]efore granting compassionate release," however, "a district court must 'consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)). The court must also consider whether a sentence reduction is consistent with

applicable policy statements issued by the Sentencing Commission, 18 U.S.C. § 3582(c)(1)(A). United States v. Doe, 833 F. App'x 366, 367 n.2 (3d Cir. 2020).

Based upon the foregoing, to grant Johnson compassionate release under § 3582(c)(1)(A), the court must analyze whether: (1) extraordinary and compelling reasons exist for his release; (2) compassionate release is warranted in consideration of the § 3553(a) factors;[1] and (3) compassionate release is consistent with applicable policy statements issued by the Sentencing Commission.

Johnson bears the burden of proof by a preponderance of the evidence to show that he is entitled to compassionate release. United States v. Smith, No. CR 9-187, 2020 WL 4047485, at *2 (W.D. Pa. July 20, 2020) (citing United States v. Adeyemi, No. CR 06-124, 2020 WL 3642478, at *16 (E.D. Pa. July 6, 2020)). Courts have held that to satisfy this burden, a movant must produce evidence to the court. See e.g., United States v. Matthews, Crim. Action No. 09-612-1, 2020 WL 5217132, at *6 (E.D. Pa. Sept. 1, 2020).

---

[1] The factors set forth in 18 U.S.C. § 3553(a) are:
- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);
- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);
- the sentencing range established by the Sentencing Commission, § 3553(a)(4);
- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);
- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and
- the need to provide restitution to any victims of the offense, § 3553(a)(7).

## B. Extraordinary and Compelling Reasons

Prior to the enactment of the First Step Act on December 21, 2018, only the Director of the BOP could file a motion for a sentence reduction under §3582(c)(1)(A)(i). Ray v. Finley, No. 3:19-CV-0988, 2019 WL 5569616, at *3 (M.D. Pa. Oct. 29, 2019). The First Step Act amended § 3582(c)(1)(A), which now provides that "a motion for reduction in sentence may be filed by either the Director of the BOP or a federal inmate" after the federal inmate exhausts administrative remedies. Id.

"Congress did not define 'extraordinary and compelling reasons' except to provide 'rehabilitation…alone' does not suffice." Adeyemi, 2020 WL 3642478, at *7 (quoting 28 U.S.C. § 994(t)). The Third Circuit Court of Appeals has explained that "compelling and extraordinary" reasons for the reduction of a sentence are "defined by the commentary to policy statement U.S.S.G. § 1B1.13." United States v. Handerhan, No. 19-1904, 789 F. App'x 924, 925 (3d Cir. 2019) (citing United States v. Barberena, 694 F.3d 514, 521 n.10 (3d Cir. 2012)).

The 2023 Guidelines Manual contains an updated policy statement for compassionate release. As relevant to the pending motion, the policy provides that the court may reduce a term of imprisonment if, after considering the § 3553(a) factors, it determines: (1) extraordinary and compelling reasons warrant the reduction; (2) the defendant is not a danger to any person or the community; and (3) the reduction is consistent with the policy. U.S.S.G § 1B1.13. The policy identifies potential extraordinary and compelling reasons based on (1) medical circumstances; (2) age; (3) family circumstances; (4) victim of abuse; (5) other reasons similar in gravity to (1)-(4); and (6) an "unusually long sentence." U.S.S.G. § 1B1.13(b).

The policy statement relating to unusually long sentences provides:

> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law **(other than an amendment to the Guidelines Manual that has not been made**

**retroactive**) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6) (emphasis added). The policy statement contains an express limitation that nonretroactive changes in law cannot constitute an extraordinary and compelling reason:

(c) Limitation on Changes in Law.--Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

The rehabilitation of a defendant, by itself, cannot be an extraordinary and compelling reason; but "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d) (citing 28 U.S.C. 994(t)).

The Commission's policy statement "does not constrain a court's independent assessment about whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)." United States v. Somerville, No. 2:12-CR-225-NR, 2020 WL 2781585, at *6-7 (W.D. Pa. May 29, 2020) (holding the court has authority to independently assess whether there are "extraordinary and compelling reasons" to reduce a defendant's sentence).[2]

"The starting point in discerning congressional intent is the existing statutory text[.]" Lamie v. U.S. Tr., 540 U.S. 526, 534 (2004). "Extraordinary and compelling" is not defined by statute,

---

[2]   This conclusion is shared by a "vast majority" of courts that considered "whether courts may independently evaluate extraordinary and compelling reasons to reduce sentences" under the catchall provision of U.S.S.G. § 1B1.13. Adeyemi, 2020 WL 3642478, at *10 (collecting decisions).

and, therefore, the court must give the terms their "'ordinary meaning.'" United States v. Diallo, 575 F.3d 252, 256 (3d Cir. 2009) (quoting Moskal v. United States, 498 U.S. 103, 108 (1990)). The court in Somerville explained:

> The word "extraordinary" is commonly understood to mean "going beyond what is usual, regular, or customary," or "exceptional to a very marked extent." *Extraordinary*, Merriam-Webster Dictionary (2020); see also *Extraordinary*, Black's Law Dictionary (11th ed. 2019) ("Beyond what is usual, customary, regular, or common.").
>
> The word "compelling" means "forceful," "demanding attention," or "convincing." *Compelling*, Merriam-Webster Dictionary (2020); see also *Compelling Need*, Black's Law Dictionary (11th ed. 2019) ("A need so great that irreparable harm or injustice would result if it is not met.").
>
> Thus, at a minimum, § 3582(c)(1)(A)(i) requires a justification for release that is both unusual (i.e., unique to the inmate, and beyond the ordinary hardship of prison) and significant (i.e., serious enough to make release appropriate).

Somerville, 2020 WL 2781585, at *7.

### i. Changes in the Law

Many of Johnson's arguments are based on the contention is that if he was sentenced today, he would face lower statutory penalties and a lower advisory guideline range. Johnson contends, first, that he would not be classified as a career offender under the guidelines and would be subject to a 15-year (rather than 20-year) statutory mandatory minimum prison term. Johnson recognizes that he does not now qualify for relief under Amendment 782 because of his career offender status, but argues that he would qualify for relief if he succeeds on his first argument. Johnson also posits that he will benefit from proposed amendments to the First Step Act, the proposed Equal Act, and the 1 to 1 cocaine/crack policy implemented by the current attorney general.

Johnson concedes that his original sentence was lawful (ECF No. 1495 at 1) ("The AUSA is correct [that] Johnson was correctly designated a career offender when he was sentenced in 2013."). In United States v. Andrews, 12 F.4th 255 (3d Cir. 2021), the Third Circuit Court of

9

Appeals explained that subsequent changes to the law affecting a defendant's sentence do not create an extraordinary and compelling reason for compassionate release:

> The duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance. "[T]here is nothing 'extraordinary' about leaving untouched the exact penalties that Congress prescribed and that a district court imposed for particular violations of a statute."

Id. at 260–61 (citation omitted). The court observed that "considering the length of a statutorily mandated sentence as a reason for modifying a sentence would infringe on Congress's authority to set penalties." Id. at 261. The court reasoned that under Supreme Court precedent, the "ordinary practice" in federal sentencing is to withhold new sentencing changes from defendants already sentenced, and that a practice considered "ordinary" cannot simultaneously be an "extraordinary" reason for compassionate release. Id. (citations omitted).

In United States v. Rivera, No. 21-3044, 2022 WL 4533837 (3d Cir. Sept. 28, 2022), the court rejected essentially the same argument being made by Johnson. The defendant sought compassionate release because his prior conviction no longer qualified as a predicate offense for career offender status. The court rejected this argument and explained "even assuming that the law changed in Rivera's favor, this does not constitute an extraordinary and compelling reason to warrant a sentence reduction." Id. at * 2 (citing Andrews).

In United States v. Rodriguez, No. 23-1646, 2023 WL 4077341, at *2 (3d Cir. June 20, 2023), the Third Circuit Court of Appeals rejected Johnson's argument based on the decision in United States v. Nasir, 17 F.4th 459 (3d Cir. 2021) (en banc) (holding that inchoate crimes like attempt are not predicate offenses for career offender status). In Rodriguez, the defendant argued that under Nasir, he no longer qualified as a career offender. The court held that even assuming the defendant was correct, he "nevertheless failed to demonstrate extraordinary and compelling reasons for a reduction." Id. The court explained that the defendant's "conviction and sentence

were valid under controlling law at the time and being required to serve a valid sentence is not extraordinary and compelling." Rodriguez, 2023 WL 4077341, at *2. The court reiterated: "not benefitting from the non-retroactive application of Nasir is not extraordinary or compelling." Id.

Johnson appears to satisfy some of the prerequisites to qualify for consideration of compassionate release under U.S.S.G. § 1B1.13(b)(6) (relating to an unusually long sentence). Johnson has served over 10 years in prison. The sentence he is currently serving on the crack cocaine conviction is arguably grossly disparate from the sentence he would likely receive if he was originally sentenced at the time this motion was filed. There are two flaws, however, with Johnson's argument. First, the removal of Johnson's career offender designation would result from amendments to the Guidelines Manual that have not been made retroactive. Sentencing Guideline § 1B1.13(b)(6) expressly prohibits non-retroactive guidelines amendments from being considered to be an extraordinary and compelling reason. Second, in any event, courts in the Third Circuit view Guideline § 1B1.13(b)(6) to be in conflict with Third Circuit Court of Appeals' binding precedent. As explained in United States v. Johnson, No. CR 09-0685-02, 2024 WL 665179, at *1–2 (E.D. Pa. Feb. 16, 2024):

> Binding precedent forecloses application of the Sentencing Commission policy statement to Johnson's case. Specifically, in United States v. Andrews, the Third Circuit held that "[t]he duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance" warranting compassionate release. 12 F.4th 255, 260-61 (3d Cir. 2021). As this Court recently explained, this decision "remains binding law in this circuit, and it forecloses [the defendant's] argument that he is eligible for compassionate release pursuant to Section 1B1.13(b)(6) of the Sentencing Commission's revised policy statement." United States v. Carter, --- F.Supp.3d ----, 2024 WL 136777, at *6 (E.D. Pa. Jan. 12, 2024) (Beetlestone, J.).
>
>> As explained, Section 1B1.13(b)(6) states that an "unusually long sentence" may be deemed an "extraordinary and compelling reason" warranting compassionate release, provided that the defendant has served at least 10 years of their term of incarceration, and that a non-retroactive change in the law has produced a "gross disparity" between the sentences of otherwise similarly situated individuals. U.S.S.G. § 1B1.13(b)(6). That provision— which indisputably covers [the defendant] and others in his position—is

11

>
> incompatible with <u>Andrews's</u> interpretation of the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i), and its holding that "the duration of [a defendant's] sentence and the nonretroactive changes to mandatory minimums" is not one of the "extraordinary and compelling reasons" described by the statute. <u>Andrews</u>, 12 F.4th at 260.
>
> <u>Id.</u> "Unless and until any reconsideration of <u>Andrews</u> takes place or it is abrogated by a Supreme Court decision," <u>id.</u> at *5, Section 1B1.13(b)(6) may not serve as the basis for compassionate release.
>
> <u>Id.</u> at *1-2.

The same reasoning applies here. Even assuming, for argument's sake, that Johnson would benefit from subsequent, nonretroactive changes in the law,[3] his original sentence was lawful. That Johnson may face a lower statutory or guideline regime if sentenced today, therefore, does not constitute an extraordinary and compelling reason for compassionate release.

Because Johnson cannot retroactively challenge his career offender status, he is not eligible for a sentence reduction under Amendment 782. *See* ECF No. 1267 at 5 ("The crack cocaine did not affect Johnson's sentence. Johnson's sentence was driven by his career offender status, which resulted in an advisory guideline range of 360 months to life").

### ii. Disparity with co-defendant

Johnson argues that his prison term is unfairly longer than the prison term imposed on co-defendant Eric Alford ("Alford"). This appears to be a challenge to the validity of his original sentence, which was affirmed on direct appeal and after Johnson's § 2255 motion. In any event, the disparity does not constitute an extraordinary and compelling reason for compassionate release. Both Alford and Johnson were sentenced by this member of the court.[4] Alford was sentenced before Johnson, so Alford's sentence was known at the time Johnson was sentenced. In fact,

---

[3] The court previously concluded that Johnson would not directly or indirectly qualify for relief under § 401 of the First Step Act (ECF No. 1343 at 11-13).

[4] Alford's advisory guideline range was 262-327 months of imprisonment, while Johnson's advisory guideline range was 360 months to life imprisonment.

12

Johnson's counsel asked the court to impose the same sentence Alford received. (Transcript, ECF No. 978 at 3-4). See United States v. Watford, No. 21-1361, 2021 WL 3856295, at *1 (7th Cir. Aug. 2, 2021) (codefendant's much shorter sentence not a reason for compassionate release because it was known at the time sentence was imposed).

### iii.  Johnson's Rehabilitation while Incarcerated

Johnson points to his rehabilitation while incarcerated as further evidence of the extraordinary and compelling circumstances presented in this case. Johnson attached transcripts of the numerous programs he completed and notes that he is now at a FCI low custody institution and regarded as a low recidivism risk (ECF Nos. 1487, 1487-1). Johnson continues to communicate with his family.

Johnson' efforts to rehabilitate himself while incarcerated are commendable, but cannot, standing alone, satisfy his burden to show an extraordinary and compelling reason for compassionate release. 28 U.S.C. § 994(t); U.S.S.G. 1B1.13(d). If Johnson met his burden to demonstrate other circumstances justifying release, the court would consider his rehabilitative efforts as part of its assessment of the extent to which a reduction in his term of imprisonment would be warranted. Id.

### IV.  Section 3553(a) factors

The compassionate release statute states that a court may reduce the term of imprisonment "after" it considers the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. 18 U.S.C. § 3582(c)(1)(A). Because the court concludes that Johnson failed to show extraordinary or compelling reasons, it need not address the § 3553 factors or whether Johnson poses a danger to any person or the community. U.S.S.G. § 1B1.13. The court notes that it

considered the § 3553(a) factors in denying Johnson's previous motion for compassionate release (ECF No. 1343).

### V.     Conclusion

Once a court imposes a sentence and it becomes final, it may not be modified unless an exception to the rule of finality applies in the case. Here, Johnson did not satisfy his burden under § 3582(c)(1)(A) to show that an extraordinary and compelling reason warrants his premature release from imprisonment. His renewed motion for compassionate release (ECF No. 1487) will, therefore, be denied without prejudice. An appropriate order will be entered.

Dated: March 5, 2024             BY THE COURT:

                                 /s/ Joy Flowers Conti
                                 Joy Flowers Conti
                                 Senior United States District Judge