IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   *Plaintiff*,<br><br>v.<br><br>ALONZO LAMAR JOHNSON,<br><br>   *Defendant*. | Criminal No. 2:08-374 |

# OPINION

## I. Introduction

Pending before the Court is another motion filed by pro se defendant Alonzo Lamar Johnson ("Johnson") (ECF No. 1522) seeking documents related to the grand jury proceedings in his case. Johnson seeks to prove fraud on the court and seeks appointment of counsel and an investigator. The government filed a response in opposition (ECF No. 1524) and Johnson's motion is ripe for disposition.

## II. Procedural History

Johnson's case has been the subject of extensive post-conviction proceedings. The court of appeals has on multiple occasions affirmed the appropriateness of Johnson's conviction and sentence. Johnson has filed numerous motions seeking access to grand jury documents. The court has denied those requests and explained that they are barred for numerous substantive and procedural reasons. In particular, the court explained that (1) pursuant to Federal Rule of Criminal Procedure 12(b)(3)(v), a challenge to an error in the grand jury proceeding must generally be made

in a motion before trial; and (2) Johnson's subsequent conviction by the petit jury renders any error in the grand jury proceeding harmless (ECF No. 1445).

On August 21, 2009, Johnson and numerous codefendants were charged in count 1 of the superseding indictment with conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of crack cocaine. (ECF No. 205). On April 17, 2012, Johnson was convicted by a jury. On July 30, 2013, Johnson was sentenced to a term of imprisonment of 300 months, which was 60 months below the low end of the guideline range. Johnson filed a direct appeal. The court of appeals affirmed Johnson's conviction and sentence. (ECF Nos. 1103, 1112). On April 17, 2017, the United States Supreme Court denied certiorari.

Johnson filed his first § 2255 motion on April 17, 2018 (ECF No. 1163). Johnson filed a supplement to his § 2255 motion on July 17, 2018. (ECF No. 1181). The court denied Johnson's § 2255 motion in a lengthy opinion and order dated January 19, 2019 (ECF No. 1233). On December 9, 2019, the court of appeals summarily affirmed this court's decision denying Johnson's § 2255 motion (ECF No. 1263).

In May 2019, Johnson filed a pro se motion for a reduced sentence under § 404 of the First Step Act (ECF No. 1242). On January 29, 2020, the court denied Johnson's motion (ECF No. 1267). On July 27, 2021, the court of appeals affirmed this decision (ECF No. 1385).

In July 2020, Johnson filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and Amendment 782, (ECF No. 1286), arguing that he if he was sentenced today under the First Step Act amendments to 21 U.S.C. § 841(b)(1)(B)(i), his term of imprisonment would be substantially lower. The court denied the motion (ECF No. 1343). On May 19, 2021, the court of appeals summarily affirmed this decision, *United States v. Johnson*, 848 F. App'x 60 (3d Cir. 2021) (ECF No. 1394).

On September 9, 2021, the court denied Johnson's motion for sentence reduction under 18 U.S.C. § 3742(a)(4) (ECF Nos. 1390, 1391). On April 10, 2022, the court granted in part Johnson's motion to amend the judgment to correct a clerical error (ECF Nos. 1410, 1411, 1412). Johnson appealed. On September 2, 2022, the Third Circuit Court of Appeals summarily affirmed this court's decision (ECF No. 1434).

On September 8, 2022, the court denied Johnson's Rule 60 "fraud upon the court" motions (ECF Nos. 1435, 1436). On September 28, 2022, the court denied a similar request by Johnson for documents to help him prepare a motion for the court (ECF No. 1445).

### III.    Discussion

Johnson states that he needs the grand jury documents to prepare a second or successive § 2255 motion based on an alleged fraud upon the court. Johnson did not explain the substance of the motion he is preparing and did not explain why the documents he is requesting are necessary for that motion. The court rejected Johnson's "fraud on the court" theory based on the grand jury (ECF No. 1435).

As this court has previously observed, given Johnson's previous § 2255 motions and the extensive post-conviction proceedings in this case (in which the appellate court has affirmed the validity of Johnson's conviction and sentence on multiple occasions), it is difficult for the court to conceive how documents related to the grand jury proceedings would be relevant to any motion over which this court could exercise subject-matter jurisdiction. *See, e.g.*, Opinion dated September 8, 2022 (ECF No. 1435) (discussing the stringent procedural and substantive requirements that an applicant must satisfy in order to file a second or successive § 2255 motion with a district court). To repeat, Johnson's subsequent conviction by the petit jury renders "any

3

error in the grand jury proceeding connected with the charging decision [ ] harmless beyond a reasonable doubt." *United States v. Mechanik*, 475 U.S. 66, 70 (1986).

### IV.     Conclusion

In sum, for the reasons set forth above, Johnson's renewed request for grand jury documents (ECF No. 1522) will be denied. An appropriate order will be entered.

Dated: May 13, 2025                    BY THE COURT:

<u>/s/ Joy Flowers Conti</u>
Joy Flowers Conti
Senior United States District Judge